IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATRINA A. W.,                                    *
                                                  *
                    Plaintiff,                    *
                                                  *
            vs.                                   *            Civil Action No. ADC-19-2106
                                                  *
COMMISSIONER, SOCIAL SECURITY                     *
ADMINISTRATION,[1]                                *
                                                  *
                    Defendant.                    *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On July 18, 2019, Katrina A. W. ("Plaintiff") Petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 (the "Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 18, 19), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 18) and Defendant's Motion for Summary Judgment (ECF No. 19) are DENIED, the decision of the SSA is REVERSED IN PART, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

## PROCEDURAL HISTORY

On June 28, 2016, Plaintiff filed a Title II application for DIB, alleging disability beginning on May 17, 2016. Also on June 28, 2016, Plaintiff filed a Title XVI application for SSI, alleging

---

[1] Currently, Andrew Saul serves as the Commission of the Social Security Administration.

disability beginning on May 17, 2016. Her claims were denied initially and upon reconsideration on November 21, 2016, and April 10, 2017, respectively. On April 21, 2017, Plaintiff filed a written request for a hearing and, on February 12, 2019, an Administrative Law Judge ("ALJ") presided over a hearing. On March 22, 2019, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability within the meaning of the Social Security Act [the "Act"] from May 17, 2016, through the date of this decision." ECF No. 14-3 at 12.[2] Thereafter, Plaintiff filed an appeal, and on May 22, 2019, the Appeals Council affirmed the ALJ's decision. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On July 18, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On April 13, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on June 11, 2020. Plaintiff filed a response on June 29, 2020.[3] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

[3] On July 9, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

**DISABILITY DETERMINATIONS AND BURDEN OF PROOF**

In order to be eligible for DIB and/or SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration

4

requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R.

§ 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2022. ECF No. 14-3 at 13. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since May 17, 2016, the alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had severe impairments of "obesity, spine disorder." *Id.* at 14. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 26. The ALJ then determined that Plaintiff had the RFC: "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could occasionally climb stairs, balance, stoop, kneel, crouch, or crawl but should never climb ladders. [Plaintiff] should avoid concentrated exposure to vibration and avoid even moderate exposure to hazards." *Id.* at 17. The ALJ then determined at step four that Plaintiff had past relevant work as a cashier checker that she was capable of performing. *Id.* at 26. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from May 17, 2016, through the date of this decision." *Id.* at 33.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) the ALJ erred at step three of the evaluation by improperly evaluating Listing 1.04A; and (2) the ALJ's RFC determination was unsupported by substantial evidence because the ALJ improperly considered Plaintiff's mental impairments. The Court agrees with Plaintiff's first argument, and remand is warranted on this ground.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app'x 1. Where a claimant can show that her condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that she is disabled within the meaning of the Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability"). The burden of proof is on the claimant to show that he meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"In evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.* On the other hand, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295 (internal citations omitted).

Remand is appropriate where the "ALJ's opinion failed to apply the requirements of the listings to the medical record." *Id.* at 292; *Fox v. Colvin*, 632 F.App'x 750, 755–56 (4th Cir. 2015)

(holding that the ALJ's conclusory and perfunctory analysis at step three necessitated remand). In

evaluating whether an ALJ's listing comparison was proper, however, the Court is not confined to

the ALJ's analysis at step three and instead must consider the reasoning provided by the ALJ in

the decision in its entirety. *See Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md. 2002)

(holding remand is not warranted "where it is clear from the record which [Listing] . . . w[as]

considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical

evidence relevant to the [s]tep [t]hree analysis which allows [the reviewing c]ourt readily to

determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion").

> Listing 1.04A states:
>
> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, app'x 1, 1.04A. In other words, a claimant must demonstrate that she

meets all four requirements of Listing 1.04A for an ALJ to make a finding that her impairment

meets or equals the listed impairment. *See Sullivan*, 493 U.S. at 530.

During the step three analysis, the ALJ stated Plaintiff did not meet the requirements of

Listing 1.04A. The ALJ explained:

> Specifically, [Plaintiff] is morbidly obese. A lumbar MRI showed stenosis and mild nerve root impingement. Straight leg raise test was positive. [Plaintiff] presented to physical therapy with strength deficits in the lower extremities, and records note some sensory deficits in the lower extremities. With that said, [Plaintiff's] reflexes are intact. Examinations noting weakness are negative for atrophy. Finally, [Plaintiff] does not require an assistive device of any type. [Plaintiff] is not

diagnosed with spinal arachnoiditis. Accordingly, the evidence does not satisfy the requirements of section 1.04.

*Id.* at 17. Plaintiff argues that the ALJ held her to a higher evidentiary standard than the Listing provides by requiring she demonstrate evidence of atrophy *and* muscle weakness as well as sensory *and* reflex loss. ECF No. 18-2 at 12–18. The Court agrees.

Listing 1.04A requires a claimant meet four criteria[4]: (1) neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss identified by *either* atrophy with muscle weakness *or* muscle weakness alone; and (4) sensory *or* reflex loss. 20 C.F.R. pt. 404, subpt. P, app'x 1, 1.04A. Of particular relevance here, the ALJ found that Plaintiff did present evidence of both muscle weakness and sensory defects. *See* ECF No. 14-3 at 17. While these findings alone should have satisfied criteria (3) and (4), the ALJ found these criteria were not met because Plaintiff did not provide evidence of muscular atrophy or reflexive defects, respectively. Criteria (3) and (4) only require that a claimant satisfy one of the listed options, not both. By seemingly requiring Plaintiff in this case meet both options of criteria (3) and (4) instead of merely one, the ALJ erred. Accordingly, the ALJ's finding that Plaintiff did not meet all requirements of Listing 1.04A is not supported by substantial evidence. Accordingly, remand is necessary. In light of this basis for remand, the Court need not discuss Plaintiff's second allegation of error. On remand, the ALJ can consider those arguments and determine whether the ALJ properly evaluated Plaintiff's mental impairments during the RFC analysis.

### CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from May 17, 2016, through the date of his opinion.

---

[4] If the lower back is involved, a claimant must meet five criteria. The fifth criterion is not relevant to this matter.

Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 18) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: <u>August 5, 2020</u>                                      <u>                    /s/                    </u>
                                                                                    A. David Copperthite
                                                                                    United States Magistrate Judge